PEOPLE ex rel. NEW YORK CENTRAL RAILROAD COMPANY, Relator, *v.* JOHN F. GILCHRIST and Others, Constituting the State Tax Commission, Respondents.

Supreme Court, Albany County, April 26, 1927.

Taxation — special franchise tax — certiorari to review special assessment made against underground railroad crossing — right of way was not derived from State and is not franchise — assessment canceled.

This is a certiorari proceeding to review the special franchise assessment against an underground railroad crossing constructed on the lands of the relator within the village of Camillus. It appears that the right of way, then in the town of

Supreme Court, April, 1927.                    [Vol. 129

Camillus, was acquired by deed in 1836, and that prior to 1913 it was crossed at grade by a public highway but not assessed as a special franchise because it was less than 250 feet in length.   In 1914, pursuant to an order of the Public Service Commission, the underground crossing was constructed 600 feet west of the original grade crossing, and in 1920, by reason of the extension of the village of Camillus, the crossing was brought within the village limits.

Since the right of the relator to cross the highway in question was not derived from public authority, but rather a right enjoyed incident to the ownership of land, it is in no sense a franchise and cannot be taxed; relator's continued enjoyment of the right of way, long before the crossing was constructed, was not affected by the new construction or the change in the course or route of the old highway.

Certiorari to review a special franchise assessment in the town of Camillus for the years 1923–1926, inclusive.

*Alex S. Lyman* [*George H. Walker* and *Thomas McCall* of counsel], for the relator.

*Albert Ottinger, Attorney-General* [*Morell Brewster, Deputy Attorney-General,* of counsel], for the State Tax Commission.

Staley, J.   These proceedings in certiorari are brought to review the assessment of special franchise against the relator.   The facts are presented by stipulation.

The right of way of the relator in the town of Camillus was originally acquired by the Auburn and Syracuse Railroad Company by deed in 1836, and at the time of the assessment here in question was owned by the relator.   Prior to 1913 said right of way was crossed at grade by a public highway known as the Genesee turnpike.   This crossing was located in the town of Camillus, and was not assessed as a special franchise because less than 250 feet in length.   (Tax Law, § 2, subd. 7, as amd. by Laws of 1916, chap. 323.)

The Public Service Commission in 1913, upon the petition of the State Commission of Highways, directed the grade crossing to be closed and that the traffic thereover be diverted to a new undercrossing to be constructed and located about 600 feet west of the existing grade crossing.   In 1914 the underground crossing was completed and the grade crossing closed, and traffic thereover discontinued, and all traffic on said highway has since that time crossed said railroad by means of the undercrossing constructed under the lands owned by the relator.

In 1920 the boundaries of the village of Camillus were extended and the location of the undercrossing brought within the village limits.   Beginning in 1923 the State Tax Commission assessed this undercrossing as a special franchise.

It is the claim of the relator that it is not subject to the special

franchise assessment upon the new undercrossing, by reason of an alleged prior occupancy. It is the claim of the respondents that the special franchise assessment is valid, by reason of the fact that the undercrossing is a part of the same highway which formerly crossed at grade, and that the new crossing is a substitute for the old.

Under section 2, subdivision 6, of the Tax Law (as amd. by Laws of 1916, chap. 323), so far as railroads are concerned, a special franchise includes the " rights or permission to construct, maintain or operate the same in, under, above, on or through, streets, highways or public places."

It is essential to the character of a franchise that it should be a grant from the sovereign authority. It is defined to be a special privilege conferred by government, or political subdivisions thereof, on individuals or corporations. A right enjoyed incident to the ownership of land is in no sense a franchise. It is a privilege conferred by property ownership.

The right of the relator to cross this highway at its new location was not derived from public authority. It existed long before the undercrossing was constructed. Its continued enjoyment was not affected by the new construction, or the change in the course or route of the old highway. A special franchise, as a right or privilege, is a fixed and not a transitory thing.

The case of *People ex rel. New York Central & H. R. R. R. Co.* v. *Woodbury* (203 N. Y. 167) is an accepted authority for the proposition that a new street laid out across the privately owned right of way of a railroad does not constitute a special franchise. The basis of that decision is not confined to the fact that the street crossing was one made subsequent to the establishment and operation of the railroad, but upon the fact that the right to maintain and operate the railroad on or over that precise location was a right derived and secured from property ownership and privilege, and not from grant of a State or other public authority.

I see no difference in principle in the rights of a railroad to use its property and right of way, and enjoy all the benefits incident to that ownership, whether crossed by a new street or crossed by a relocation of an old and existing highway. It uses its own property in either case, and in neither does it exercise a privilege conferred by public authority.

Order may be entered accordingly, canceling the assessments here involved, with fifty dollars costs and disbursements to relator.